[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brought this action seeking foreclosure of a mortgage to it by defendant Barbara S. Frankl (Frankl). Originally the two other defendants were Center Bank and Bank of Boston Connecticut. Thereafter on August 2, 1993 Osage Corporation was substituted as a party defendant in lieu of Center Bank.
Plaintiff seeks a judgment of strict foreclosure.
Facts
On or about December 7, 1986 Frankl and her then husband, Stephen K. Frankl (Husband)[1] signed and delivered to plaintiff a loan application and personal financial statement seeking a Home Equity Loan.
On February 9, 1987, Frankl and Husband appeared before Padma Vatti (Vatti), then Branch Manager of People's Bank branch in Simsbury, Connecticut. Vatti had training in conducting Home Equity line mortgage closings and being a Notary Public, identified the parties with whom she was dealing and conducted the equity line mortgage loan closing in accordance with bank procedures. The closing consisted of Vatti explaining the contents of the promissory mortgage note, and its rider, the disclosure agreement, mortgage deed and other pertinent documents to Frankl and Husband; their indications that they had no questions and their signing various documents, including the note and mortgage. Specifically Frankl after receiving Vatti's explanations and after having the opportunity to ask any questions she desired, signed the loan closing documents including the note and mortgage in her own handwriting in the presence of Vatti and other witnesses. Frankl acknowledged that she executed the CT Page 9035 mortgage "for the purposes therein contained." Frankl's and Husband's liabilities on the note and rider are joint and several.
On March 30, 1987, Husband caused the bank to issue a cashier's check on the Home Equity Loan in the amount of $100,000 to the Client's Fund account of "Dzalo (sic) Allen and Pickett." That check was delivered to Frankl or Husband and paid to Dzialo, Allen and Pickett. The check was delivered in person to either the defendant or Husband as it could only be issued to one of the makers of the note in keeping with established bank practices. The check was signed for People's Bank by Vatti. That check was deposited to that client's funds account.
The borrowers paid the interest due on the loan from March 30, 1987, until on or about November of 1991, when a check signed by Husband was returned for insufficient funds. From then to trial, Frankl remained in default of her obligations under the Home Equity line loan.
The mortgaged premises, 20 August Road, Simsbury, Connecticut, were at all times relevant hereto, encumbered by a prior first mortgage to Hartford Home Savings and Loan Association, Incorporated dated February 28, 1973 which was acquired by Carteret Savings Bank. That mortgage went into default for nonpayment at or about the time Frankl defaulted on her loan from plaintiff. Plaintiff paid the balance due on that first mortgage and in accordance with the terms of the Home Equity line agreement and mortgage added that amount to the debt due it from Frankl Frankl's signature appears on the first mortgage note secured by that first mortgage. Although she has maintained that it is not her "signature" that appears on that note she admits in her amended Trial Brief of July 26, 1995, page 8, that "what appears on the Notes and Mortgages is in her [sic] handwriting." In addition all the signatures on the notes, mortgages and other documents look like her signatures on the pleadings in the file.[2]
The court finds that the present fair market value of the subject property is $183,000.
The court finds that the total debt due to plaintiff on both the note of February 9, 1987 to plaintiff and the debt of CT Page 9036 Carteret Savings Bank which plaintiff has purchased is $153,897.14 as of July 18, 1995.
The court finds that due to the extraordinary protraction of these proceedings attorney's fees of $13,457.50 are reasonable and are awarded to plaintiff.
The court finds the appraisal fee of $950 is reasonable and is awarded to plaintiff. A title search fee of $150 is awarded.
The court can find no failure by the plaintiff to act in good faith; that it has unclean hands; or that it acted fraudulently in any manner. Neither can the court find that plaintiff was in any way unjustly enriched in the matter.
The court cannot find that Frankl signed the various documents other than knowingly. It is clear they were all signed knowingly.
The court cannot find either payment or tender of payment of the debts. Frankl does claim payment by virtue of her mailing a "Certified Promissory Money Note" to an employee of plaintiff. If this could possibly be construed as tender of payment of her debt to plaintiff it was never accepted as such.
Plaintiff has sustained its burden of proof. Defendant has failed to sustain her burden of proof.
Plaintiff's mortgage and its rights under the purchase of the debt from Carteret Savings Bank are prior in right to the interests of Bank of Boston Connecticut and Osage Corporation.
Judgment of strict foreclosure is entered with a law day of August 25, 1995 and following days.
N. O'Neill, J.